**FILED**

September 17, 2021

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ JU

DEPUTY

### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **SHERMAN ERNESTO ROBINSON,** | § | |
| **TDCJ No. 02133529,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CIVIL NO. SA-21-CA-0349-OLG** |
| | § | |
| **BOBBY LUMPKIN, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| | § | |
| **Respondent.** | § | |

### MEMORANDUM OPINION AND ORDER

Before the Court are *pro se* Petitioner Sherman Ernesto Robinson's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 and corresponding memorandum in support (ECF No. 1), as well as Respondent Bobby Lumpkin's Motion to Dismiss (ECF No. 10). Petitioner challenges the constitutionality of his 2016 state court conviction for possession of a firearm by a felon, arguing (1) he received ineffective assistance of counsel, (2) the trial court abused its discretion by denying or failing to rule on his motions and by allowing his sentence to be improperly enhanced, and (3) his sentence was excessive. In his motion to dismiss, Respondent contends Petitioner's federal habeas petition should be dismissed with prejudice as untimely.

Having carefully considered the record and pleadings submitted by both parties, the Court agrees with Respondent that Petitioner's allegations are barred from federal habeas review by the one-year statute of limitations embodied in 28 U.S.C. § 2244(d)(1). Thus, for the reasons discussed below, the Court concludes Petitioner is not entitled to federal habeas corpus relief or a certificate of appealability.

## I.  Background

In April 2016, a Bexar County jury convicted Petitioner of one count of felon in possession of a firearm (habitual) and sentenced him to life imprisonment.  *State v. Robinson*, No. 2015CR5888 (187th Dist. Ct., Bexar Cnty., Tex. Apr. 29, 2016); (ECF No. 11-7 at 43-44). Petitioner's conviction was affirmed on direct appeal in an unpublished opinion and his petition for discretionary review (PDR) was later refused by the Texas Court of Criminal Appeals on November 22, 2017.  *Robinson v. State*, No. 04-16-00309-CR, 2017 WL 2561575 (Tex. App.— San Antonio, June 14, 2017, pet. ref'd); (ECF No. 11-2); *see also Robinson v. State*, No. PD-0836-17 (Tex. Crim. App.).[1]

On September 26, 2018, Petitioner challenged the constitutionality of his state court conviction and sentence by filing a state habeas corpus application.  *Ex parte Robinson*, No. 89,938-01 (Tex. Crim. App.); (ECF No. 11-28 at 16).  The Texas Court of Criminal Appeals ultimately denied the application without written order on June 17, 2020.  (ECF No. 11-21). Thereafter, Petitioner placed the instant federal habeas petition in the prison mail system on February 28, 2021.  (ECF No. 1 at 10).

## II.  Timeliness Analysis

Respondent contends Petitioner's federal habeas petition is barred by the one-year limitation period of 28 U.S.C. § 2244(d).  Section 2244(d) provides, in relevant part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—
>
>  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

---

[1]     *See also*  http://www.search.txcourts.gov, search for "Robinson, Sherman" last visited September 14, 2021.

In this case, Petitioner's conviction became final February 20, 2018, ninety days after the Texas Court of Criminal Appeals refused his PDR and when the time for filing a petition for writ of certiorari to the United States Supreme Court expired.  *See* Sup. Ct. R. 13; *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) ("§ 2244(d)(1)(A) . . . takes into account the time for filing a certiorari petition in determining the finality of a conviction on direct review").  As a result, the limitations period under § 2244(d) for filing a federal habeas petition challenging his underlying conviction and sentence expired a year later on February 20, 2019.  Because Petitioner did not file his § 2254 petition until February 28, 2021—over two years after the limitations period expired—his petition is barred by the one-year statute of limitations unless it is subject to either statutory or equitable tolling.

## A.    **Statutory Tolling**

Petitioner does not satisfy any of the statutory tolling provisions found under 28 U.S.C. § 2244(d)(1).  There has been no showing of an impediment created by the state government that violated the Constitution or federal law which prevented Petitioner from filing a timely petition. 28 U.S.C. § 2244(d)(1)(B).  There has also been no showing of a newly recognized constitutional right upon which the petition is based, and there is no indication that the claims could not have been discovered earlier through the exercise of due diligence.  28 U.S.C. § 2244(d)(1)(C)-(D).

Petitioner is, however, entitled to statutory tolling under 28 U.S.C. § 2244(d)(2).  Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  As discussed previously, Petitioner challenged the constitutionality of his state court conviction and sentence by filing a state habeas application on September 26, 2018, which was eventually denied by the

Texas Court of Criminal Appeals on June 17, 2020.  Accordingly, Petitioner's state habeas application tolled the limitations period for a total of 630 days, making his federal petition due November 11, 2020.  Again, he did not file the instant § 2254 petition until February 28, 2021, over three months late.

**B.**     **Equitable Tolling**

In some cases, the limitations period may be subject to equitable tolling.  The Supreme Court has made clear that a federal habeas corpus petitioner may avail himself of the doctrine of equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010).  Equitable tolling is only available in cases presenting "rare and exceptional circumstances," *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and is "not intended for those who sleep on their rights."  *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).

Petitioner has not provided this Court with any argument for equitably tolling the limitations period in this case.  Even with the benefit of liberal construction, Petitioner is not entitled to the application of equitable tolling because he has not demonstrated the existence of an "extraordinary circumstance" that prevented his timely filing.  Indeed, a petitioner's ignorance of the law, lack of legal training or representation, and unfamiliarity with the legal process do not rise to the level of a rare or exceptional circumstance which would warrant equitable tolling of the limitations period.  *U.S. v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008); *see also Sutton v. Cain*, 722 F.3d 312, 316-17 (5th Cir. 2013) (a garden variety claim of excusable neglect does not warrant equitable tolling).

Moreover, Petitioner fails to demonstrate that he has been pursuing his rights diligently. Each of the allegations in Petitioner's federal petition concern the constitutionality of his April 2016 conviction and sentence, yet Petitioner did not submit his state habeas corpus application challenging the conviction until September 2018, over seven months after his conviction had become final under the AEDPA's statute of limitations.   This delay alone weighs against a finding of diligence.  *See Stroman v. Thaler*, 603 F.3d 299, 302 (5th Cir. 2010) (affirming the denial of equitable tolling where the petitioner had waited seven months to file his state application).   Further, Petitioner fails to provide any legitimate reason why he waited another eight months after the Texas Court of Criminal Appeals denied his state habeas application in June 2020 before filing the instant federal petition in this Court.

Because Petitioner fails to assert any specific facts showing that he was prevented, despite the exercise of due diligence on his part, from timely filing his federal habeas corpus petition in this Court, his petition is untimely and barred by § 2244(d)(1).

### III.  <u>Certificate of Appealability</u>

The Court must now determine whether to issue a certificate of appealability (COA).  *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)).   A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   The Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward when a district court has rejected a petitioner's constitutional claims on the merits:   The petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."   *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition

should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds. *Id*. In that case, the petitioner seeking COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack,* 529 U.S. at 484). In that case, a COA should issue if the petitioner *not only* shows that the lower court's procedural ruling is debatable among jurists of reason*,* but also makes a substantial showing of the denial of a constitutional right.

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). The one-year statute of limitations found in the AEDPA has been in place since 1996, yet Petitioner provided no reasonable justification for missing the filing deadline by more than three months. Thus, for the reasons discussed herein, the Court concludes that jurists of reason would not debate whether Petitioner was entitled to federal habeas relief. As such, a COA will not issue.

### IV. Conclusion and Order

After careful consideration, the Court concludes that Petitioner's § 2254 petition (ECF No. 1) is barred from federal habeas corpus relief by the statute of limitations set forth in 28 U.S.C. § 2244(d). As a result, Petitioner is not entitled to federal habeas corpus relief.

Accordingly, based on the foregoing reasons, **IT IS HEREBY ORDERED** that:

1.      Respondent Bobby Lumpkin's Motion to Dismiss, filed July 9, 2021 (ECF No. 10), is **GRANTED**;

2.      Federal habeas corpus relief is **DENIED** and Petitioner Sherman Ernesto Robinson's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE** as untimely;

3.      No Certificate of Appealability shall issue in this case; and

4.      All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED** this the ___17th___ day of September, 2021.

_____
        **ORLANDO L. GARCIA**
     **Chief United States District Judge**